1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

| | |
|---|---|
| ELVIS RENTERIA CAMILO LOPEZ,<br><br>                              Plaintiff,<br><br>          v.<br><br>DONALD SWIFT, et al.,<br><br>                              Defendants. | NO:  12-CV-5099-TOR<br><br>ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND OTHER PENDING PROCEDURAL MOTIONS |

12

13

14

15

16

17

18

19

20

BEFORE THE COURT are the following motions: (1) Plaintiff's Motion to Appoint Expert Witness (ECF No. 101); (2) Plaintiff's "Supplemental Motion" to the Third Amended Complaint (ECF No. 102); (3) Plaintiff's Motion for Summary Judgment (ECF No. 103); (4) Plaintiff's Motion to Take Depositions (ECF No. 105); (6) Plaintiff's "Request to Revisit Appointment of Counsel" (ECF No. 115); (5) Defendants' Motion to Amend Answer to Third Amended Complaint (ECF No. 116); (6) Defendants' Motion to Expedite (ECF No. 117).  These matters were

submitted for consideration without oral argument.  The Court has reviewed the briefing and the record and files herein and is fully informed.

DISCUSSION

**A. Plaintiff's Motion to Appoint Expert Witness (ECF No. 101)[1]**

Plaintiff has moved the Court to appoint an expert witness to testify about his psychological state while he was incarcerated at the Benton County Jail. Plaintiff submits that an expert could offer opinions about "sleep deprivation, anxiety disorder, PTSD, major depression, [and] suicide[al] ideation."  ECF No. 101 at 1.  Plaintiff suggests that such an appointment could be made pursuant to Federal Rule of Evidence 706 or Federal Rule of Civil Procedure 35.

Federal Rule of Evidence 706(a) provides that a court may, at the request of a party or on its own motion, appoint an expert witness to testify at trial.  The court has broad discretion in deciding whether to appoint an expert under Rule 706(a). *Georgia-Pacific Corp. v. United States*, 640 F.2d 328, 334 (Ct. Cl. 1980).  Where a case does not involve complex scientific issues or evidence, appointment of an expert under Rule 706(a) is generally not warranted. *See Walker v. Am. Home*

---

[1] Pursuant to L.R. 7.1(h)(3)(B)(iii), the Court finds that oral argument would not materially assist it in reaching a decision.  Plaintiff's request for oral argument is denied.

*Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999); *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated on other grounds by Helling v. McKinney*, 502 U.S. 903 (1991).

The Court concludes that appointment of an expert psychological witness is not necessary. Plaintiff's claims do not involve a dispute about whether Plaintiff received appropriate medical care for his psychological problems. Rather, these claims primarily involve allegations that Defendants provided Plaintiff with razor blades and encouraged him to kill himself while he was in a vulnerable psychological state. If this case proceeds to trial, Plaintiff will be able to testify about his own vulnerable psychological condition. Expert testimony concerning the cause of the condition and/or the precise symptoms that Plaintiff was experiencing will not be especially relevant. The motion for appointment of an expert under Rule 706(a) is denied.

Federal Rule of Civil Procedure 35 allows a court to order a party whose mental condition is "in controversy" to submit to a mental examination by a licensed examiner. The rule does not allow a court to appoint a mental health expert to assist a party in proving its case. Moreover, as noted above, it is the Defendants' actions, rather than Plaintiff's mental state that is primarily at issue in this case. Accordingly, the motion for appointment under Rule 35 is denied.

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

**B. Plaintiff's "Supplemental Motion" to Third Amended Complaint (ECF No. 102)**

Plaintiff has filed a motion styled as a "Supplemental Motion to Attach to Third Amended Complaint." The Court construes this filing as a motion to amend the Third Amended Complaint. In the motion, Plaintiff indicates that he would like to (1) add Officer Ruiz as a defendant relative to his excessive force claim; and (2) assert a new claim against Benton County for "failing to provide adequate heating while [he was] on psychotropic medication and [failing to] make sure [he] was adequately hydrated and eating properly." ECF No. 102 at 2.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a)(1) provides that a party may amend a complaint once as a matter of course within 21 days of service, or within 21 days of being served with an answer or a motion to dismiss, whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A), (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) provides that leave to amend a pleading before trial should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has directed that this policy be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In deciding whether leave to amend is appropriate, a court must consider whether the moving

1    party acted in bad faith or unduly delayed in seeking amendment, whether the

2    opposing party would be prejudiced, whether an amendment would be futile, and

3    whether the movant previously amended the pleading.  *United States v. Corinthian*

4    *Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

5          A balancing of the factors above weighs against granting leave to amend.

6    Unlike the Third Amended Complaint itself, the instant motion was filed well

7    beyond the December 3, 2013 deadline set forth in the Court's Bench Trial

8    Scheduling Order to add parties or amend pleadings.  ECF No. 77 at ¶ 2.  Although

9    there is no indication that Plaintiff acted in bad faith, the Court finds that he unduly

10   delayed in seeking further leave to amend.

11         Moreover, the Court can only conclude that Defendants would be prejudiced

12   by allowing Plaintiff to bring in a new defendant and assert a brand new claim at

13   this stage of the proceedings.  As Defendants correctly note, Plaintiff must not be

14   permitted to keep expanding the scope of the lawsuit as the case proceeds.

15   Defendants have a legitimate interest in challenging the claims that Plaintiff has

16   presently asserted without the distraction of having to investigate new claims more

17   than halfway through the discovery period.  Furthermore, Plaintiff has amended his

18   complaint on three prior occasions.  Allowing him to amend for a fourth time to

19   add a new claim that could have been asserted from the outset would be excessive.

20

1    Finally, the Court finds that granting leave to amend would not be futile.

2    Although this factor weighs in Plaintiff's favor, it alone does not outweigh the

3    factors above that weigh against granting leave to amend.  Accordingly, Plaintiff's

4    motion for leave to amend is denied.

5    **C. Plaintiff's Motion for Summary Judgment (ECF No. 103)**

6    Summary judgment may be granted to a moving party who demonstrates

7    "that there is no genuine dispute as to any material fact and that the movant is

8    entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party

9    bears the initial burden of demonstrating the absence of any genuine issues of

10   material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then

11   shifts to the non-moving party to identify specific genuine issues of material fact

12   which must be decided by a jury.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S.

13   242, 256 (1986).  "The mere existence of a scintilla of evidence in support of the

14   plaintiff's position will be insufficient; there must be evidence on which the jury

15   could reasonably find for the plaintiff."  *Id.* at 252.

16   For purposes of summary judgment, a fact is "material" if it might affect the

17   outcome of the suit under the governing law.  *Id.* at 248.  A dispute concerning any

18   such fact is "genuine" only where the evidence is such that a reasonable jury could

19   find in favor of the non-moving party.  *Id.*  In ruling upon a summary judgment

20   motion, a court must construe the facts, as well as all rational inferences therefrom,

1    in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372,

2    378 (2007).  Only evidence which would be admissible at trial may be considered.

3    *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).

4          Plaintiff has moved for summary judgment on each of his claims.  Rather

5    than explaining why he is entitled to judgment as a matter of law, however, much

6    of Plaintiff's briefing is devoted to explaining why Defendants are not entitled to

7    summary judgment.  Thus, it appears that Plaintiff might be under the mistaken

8    impression that he can prevail on his claims by demonstrating that Defendants are

9    not entitled to summary judgment.  Nevertheless, since Plaintiff has filed a proper

10   summary judgment motion, he is entitled to a ruling.

11         In their response to Plaintiff's motion, Defendants suggest that Plaintiff "has

12   failed to submit any admissible evidence in support of his motion for summary

13   judgment."  ECF No. 109 at 7.  Defendants further suggest that, should the Court

14   disagree with this assertion, they should be given "an opportunity to supplement

15   their responses with declarations in opposition to Plaintiff's motion."  ECF No.

16   109 at 7.

17         The Court agrees that Plaintiff's evidence suffers from technical deficiencies

18   which preclude a summary judgment ruling in his favor.  Most notably, Plaintiff

19   has not submitted sworn affidavits or declarations attesting to the facts which

20

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7

support his claims.[2]  With that said, one can safely assume that Plaintiff would testify to the facts alleged in his Third Amended Complaint if the case were to proceed to trial.  Plaintiff has repeatedly and consistently alleged that Defendant Swift and others provided him with razor blades and encouraged him to kill himself while he was in a vulnerable psychological state.  These are very serious allegations.  Defendants should consider themselves on notice that the Court intends for this case to be resolved on the merits rather than on technical deficiencies in the admissibility of Plaintiff's evidence that could likely be corrected.  On the present record, however, Plaintiff's motion must be denied.

---

[2] Although Plaintiff may not have filed a separate statement of undisputed material facts with supporting record citations as required by Local Rule 56.1(a), he has filed a document styled as "Plaintiff's Evidence to Support Claims and Summary Judgment," which contains approximately 475 pages of attachments.  ECF No. 92.  Included among the attachments is a statement purportedly written by Plaintiff's cellmate, Taylor J. Swift, who claims to have witnessed Defendant Lopez provide Plaintiff a razor blade and then say, "[H]ere's a razor[,] kill yourself with it and leave me the fuck alone[.]"  ECF No. 92-12.  This statement is not sworn, and it is unclear when the events described occurred.  As such, the statement is not admissible.

**D. Plaintiff's Motion to Take Depositions (ECF No. 105)**

Plaintiff has moved for leave to conduct depositions on oral examination of the named Defendants and other potential fact witnesses.  Plaintiff would like to take these depositions at the Benton County Prosecutor's Office.

Plaintiff does not need this Court's permission to conduct depositions under Federal Rule of Civil Procedure 30.  Pursuant to Rule 30(a), Plaintiff may take ten (10) depositions on oral examination without obtaining leave of the court.  Plaintiff is advised, however, that he must pay the cost of any such deposition like any other litigant.  Plaintiff is further advised that he must coordinate the place of any such deposition with the officials of the prison at which he is incarcered.  The Court will not order that the deposition be taken at the Benton County Prosecutor's Office or any other location that is not agreeable to prison officials.  Finally, Plaintiff is advised to review Federal Rule of Civil Procedure 31, which allows for depositions to be taken via written questions.  This discovery device may prove less costly and more manageable from a logistical standpoint than depositions by oral examination.  This motion is denied as moot.

**E. Plaintiff's Motion for Appointment of Counsel (ECF No. 115)**

Plaintiff's motion for appointment of counsel is denied for the reasons previously stated.  *See* ECF No. 52 at 2-3, ECF No. 78 at 1-2, ECF No. 96 at 5-7.

**F. Defendants' Motion to Amend Answer to Third Amended Complaint (ECF No. 116)**

Defendants have moved to amend their Answer to Plaintiff's Third Amended Complaint to include an affirmative defense for failure to comply with Washington's notice of claim filing statute, RCW 4.96.020.  The standard for granting leave to amend is the same as discussed above in conjunction with Plaintiff's motion for leave to amend.  Specifically, Rule 15(a)(1) allows a party to amend its answer once as a matter of course within 21 days of serving its original answer.  Fed. R. Civ. P. 15(a)(1)(A), (B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Leave to amend a before trial should be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Factors relevant to whether leave to amend should be granted are whether the moving party acted in bad faith or unduly delayed in seeking amendment, whether the opposing party would be prejudiced, whether an amendment would be futile, and whether the movant previously amended the pleading.  *Corinthian Colls.*, 655 F.3d at 995.

Defendants assert that leave to amend is appropriate because they filed their answer to the Third Amended Complaint "under the mistaken belief that Plaintiff had filed a claim with the County prior to asserting [his] cause of action for negligence."  ECF No. 116 at 3.  Defendants assert that they filed the instant

motion within days of realizing during Plaintiff's deposition on May 12, 2014, that Plaintiff had not, in fact, filed a claim. ECF No. 116 at 3.

The Court finds that leave to amend is appropriate. Defendants did not act in bad faith or unduly delay in seeking leave to assert this affirmative defense. Upon discovering that they had a potentially viable defense, Defendants promptly sought leave to amend. Nor does it appear that Plaintiff would be unduly prejudiced, as Plaintiff has known from the beginning whether he filed a claim with Benton County as required under RCW 4.96.020 prior to filing his Third Amended Complaint. Requiring him to address this affirmative defense would not work undue prejudice. The Court finds that leave to amend would not be futile. Finally, Defendants have not previously amended their answer. Accordingly, the motion for leave to amend is granted. Defendants shall file their amended answer on or before **July 8, 2014**.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Appoint Expert Witness (ECF No. 101) is **DENIED**.

2. Plaintiff's "Supplemental Motion" to the Third Amended Complaint (ECF No. 102) is **DENIED**.

3. Plaintiff's Motion for Summary Judgment (ECF No. 103) is **DENIED**.

4. Plaintiff's Motion to Take Depositions (ECF No. 105) is **DENIED as moot**.

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

5.  Plaintiff's "Request to Revisit Appointment of Counsel" (ECF No. 115) is **DENIED**.

6.  Defendants' Motion to Amend Answer to Third Amended Complaint (ECF No. 116) and Motion to Expedite (ECF No. 117) are **GRANTED**.

Defendants shall file their amended answer on or before **July 8, 2014**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel and Plaintiff at his current address of record.

**DATED** July 1, 2014.



                    THOMAS O. RICE
                 United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12