UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELVIS RENTERIA CAMILO LOPEZ,<br><br>                              Plaintiff,<br><br>        v.<br><br>DONALD SWIFT, et al.,<br><br>                              Defendant. | NO:  12-CV-5099-TOR<br><br>ORDER ON DEFENDANTS'<br>MOTION FOR SUMMARY<br>JUDGMENT AND OTHER PENDING<br>PROCEDURAL MOTIONS |

BEFORE THE COURT are the following motions: (1) Defendant's Motion for Summary Judgment (ECF No. 124); (2) Plaintiff's Motion for Reconsideration of Plaintiff's Motion for Summary Judgment (ECF No. 132); (3) Plaintiff's Motion for Leave to Amend the Caption (ECF No. 133); (4) Plaintiff's Motion to Toll Appeals (ECF No. 134); and (5) Plaintiff's Motion for Damages (ECF No. 135). These matters were submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein and is fully informed.

///

///

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ETC. ~ 1

DISCUSSION

**A. Defendant's Motion for Summary Judgment (ECF No. 124)**

Summary judgment may be granted to a moving part who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex v. Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  At the summary judgment stage, the Court may not make credibility determinations or weigh evidence. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986).  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.*  Summary judgment should be granted against a party who, "after adequate time for discovery . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case. . . ." *Celotex*, 477 U.S. at 322.

Plaintiff has repeatedly and consistently alleged that Defendant Swift and others provided him with razor blades and encouraged him to kill himself while he was in a vulnerable psychological state.  To succeed on his claim, Plaintiff must show that the Defendants were subjectively aware of the substantial risk providing him with razor blades would present and that they acted with deliberate

indifference by providing him with razor blades in face of that risk. *See Farmer v. Brennan*, 511 U.S. 825, 828–29 (1994); *Clouthier v. Cnty of Contra Costa*, 591 F.3d 1232, 1244 (9th Cir. 2010).[1]

Defendants argue that Plaintiff has presented no facts demonstrating that the Defendants were aware of the substantial danger Plaintiff that would attempt to kill himself with razor blades. "Whether an official possessed [subjective] knowledge is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence" and "can be inferred where that risk is obvious." *Grenning v. Miller-Stout*, 739 F.3d 1235 (9th Cir. 2014). Plaintiff had tried to commit suicide with razor blades once before the October 25 incident and twice before the March 6 incident. Plaintiff alleges he told corrections officers and contractual health workers on numerous occasions that he had suicidal intentions and severe depression. Plaintiff was placed on suicide watch on at least one occasion. According to Plaintiff, Officer Swift mentioned Plaintiff's intention to kill himself on at least two occasions, and in the context of condoning the suicide.

---

[1] The suit in *Farmer* was founded on the Eighth Amendment. Here, Plaintiff was held in pre-trial detention and his claims are therefore founded instead on the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979). However, both types of claims impose the same "deliberate indifference" standard. *See Clouthier*, 591 F.3d at 1241–44.

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ETC. ~ 3

Whether or not the risk was "obvious" from Plaintiff's prior attempts to kill himself with razor blades, the circumstantial evidence, viewed in the light most favorable to the Plaintiff, is sufficient for a reasonable jury to conclude that the Defendants knew of the substantial risk posed by providing Plaintiff with razor blades and encouragement to kill himself.

Defendants further argue that no reasonable jury could find that the Defendants acted with deliberate disregard of that risk because Plaintiff did not actually see the Defendants place razor blades in his cell. However, Plaintiff has alleged specific circumstantial evidence which, viewed in the light most favorable to Plaintiff, is sufficient for a reasonable jury to conclude that the Defendants did provide him with the razor blades.

Plaintiff has alleged that on or about October 25, 2010, he was held in a rubber padded cell behind a booking station and was put on a suicide watch. Plaintiff alleges he saw Officers Garcia and Alvarez in the area of his cell before a razor blade was slipped under the door of the cell. At that point, Plaintiff contends, the booking area was empty contrary to facility policies that officers be on duty outside the cell twenty-four hours a day during suicide watches. Plaintiff also alleges that after his suicide attempt, Officers Garcia and Alvarez made statements which could reasonably indicate their involvement.

1    Plaintiff further alleges that Corporal Harris conspired with Officers Garcia

2  and Alvarez to conceal the incident.  To have an actionable conspiracy claim,

3  Plaintiff must show the existence of an express or implied agreement to violate his

4  constitutional rights and actual deprivation of his rights resulting from that

5  agreement.  *See Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991).  "A

6  conspiracy to deprive a plaintiff of a civil rights action by lying or concealing

7  evidence might constitute such an actionable deprivation."  *Id.*  Plaintiff alleges

8  that a conspiracy is shown from Harris's statement to Garcia, "Don't worry, I've

9  got your back," and from the fact that the razor was placed into a red plastic

10  hazardous waste bag, not an evidence bag as would be required by policy.  While

11  these circumstances could arguably indicate a benign motive on Harris's part,

12  when viewed under the standard employed at summary judgment they are

13  sufficient to defeat his conspiracy claim from dismissal.

14    Plaintiff has also alleged that a razor blade was placed in his cell on or about

15  March 6, 2012.  He contends that he was the last to leave his cell for dinner that

16  evening and that he saw Officer Swift nearby.  Plaintiff further alleges that he was

17  the first to return to his cell and found a razor blade in the middle of the floor.

18  Plaintiff had encountered Officer Swift on previous occasions when Officer Swift

19  had encouraged Plaintiff to take his own life.  In one alleged instance, Officer

20  Swift told Plaintiff, "Personally, I don't care if you kill yourself, if I were to kill

myself and be serious about it, I could cut my jugular vein like this," and then Officer Swift made a motion across his neck.  In another instance Officer Swift stated in front of Plaintiff that he didn't care if Plaintiff killed himself because Officer Swift "could just go home and not worry about it."  The circumstantial evidence offered by Plaintiff is sufficient, drawing all inferences in Plaintiff's favor, for a reasonable jury to find for Plaintiff on his claim against Officer Swift.

Defendants rely on sworn affidavits of Officers Swift, Alvarez, and Garcia denying that they ever supplied Plaintiff with razor blades and on the fact that Plaintiff did not personally see a guard place a razor in his cell to argue that Plaintiff has failed to present sufficient evidence for his claims to survive a summary judgment challenge.  However, when viewed under the standard applied at the summary judgment stage, Plaintiff has presented sufficient evidence substantiating his claims.  The contradicting factual allegations of the parties as to whether or not Defendants Swift, Garcia, and Alvarez provided Plaintiff with razor blades and encouragement to take his life are genuine issues of material fact, inappropriate for resolution on summary judgment.  These allegations are very serious and the court has previously put the Defendants on notice that it intends to resolve the case on the merits rather than technical deficiencies.  The Defendants' Motion for Summary Judgment as relates to the Plaintiffs allegations against Officers Swift, Garcia, Alvarez, and Corporal Harris is denied.

In addition to Plaintiff's continuing claims regarding the razor blades, his Third Amended Complaint asserts two additional claims:  (1) that Benton County negligently failed to properly train and supervise employees regarding mental health issues, and (2) that on November 30, 2010, Officers Alvarez and Ruiz used excessive force in removing Plaintiff from his cell.  Defendants have moved the Court for summary judgment on these claims as well.

Defendants argue that Plaintiff has failed to present sufficient evidence to establish his negligence claim beyond "bare assertions that Benton County has negligently trained its employees or failed to implement and adopt necessary policies."  The elements of a claim of negligence are "duty, breach, causation, and injury."  *See Keller v. City of Spokane*, 146 Wash.2d 237, 242 (2002).  Defendants concede that because of the special relationship between jailors and inmates, they have an affirmative duty to ensure Plaintiff's health, welfare, and safety.  *See Gregoire v. City of Oak Harbor*, 170 Wash.2d 628, 638-39 (2010).  However, to succeed in his negligence claim, Plaintiff must present evidence that the County breached this duty.  Specific to his allegations, Plaintiff must show that the County was negligent in the establishment of policies and in the manner in which it trained and disciplined its employees.  To date, he has not presented any evidence other than bare assertions that the County failed to have adequate policies, training, or discipline.  No evidence was presented as to the County's current policies, training,

1    or discipline.  Without showing what the County's actual training procedures,

2    policies, and disciplinary measures are, Plaintiff cannot show that they are

3    deficient and comprise a breach the Defendants' duty of care.  Thus, Plaintiff has

4    presented no evidence to establish a breach of duty and Defendants' motion is

5    granted as to the negligence claim against Benton County which is dismissed

6    without prejudice.[2]

7          Defendants also argue Plaintiff's excessive force claim should be dismissed

8    because Plaintiff failed to exhaust his administrative remedies.  As the Court has

9    previously explained, the Prison Litigation Reform Act requires inmates to exhaust

10   their administrative remedies prior to filing constitutional claims in federal court.

11   42 U.S.C. § 1997e(a).  Plaintiff concedes that he did not timely pursue his

12   administrative remedies regarding the pepper spray incident which allegedly

13   occurred on November 30, 2010.  Plaintiff urges the court to excuse this failure

14   because the Plaintiff's depression made it impossible to file a grievance, or

15   alternatively, that local remedies were ineffective, inadequate, or obviously futile.

16   However, as this Court has pointed out before, Plaintiff did, in fact, follow the

17   [2]  Because the Court concludes the Plaintiff has failed to assert sufficient facts to

18   establish his negligence claim, the Court need not address Defendants' argument

19   that Plaintiff's negligence claim should be dismissed because he failed to file a pre-

20   claim notice.

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ETC. ~ 8

administrative grievance process for his claims relating to the razor blades, one of which occurred within a month of the alleged pepper spray altercation.  As such, the Court concludes that Plaintiff could have followed the administrative procedures, but failed to do so.  Plaintiff's claim alleging excessive use of force by Officers Alvarez and Ruiz is dismissed without prejudice.

Finally, Defendants argue that defendants Robert Guerrero, Sharon Felton, Al Thompson, Cathy Daniel, Jerry Hatcher, and Steve Keane should be dismissed as a matter of law.  First, Defendants argue that Plaintiff failed to exhaust his administrative remedies as to any claims involving these individuals.  Second, Defendants argue that Plaintiff has failed to plead any facts that would evince that these individuals participated in or directed, or had personal knowledge of, the activities that resulted in razor blades allegedly being place in Plaintiff's cell on October 25, 2010, and on March 6, 2012.  Having reviewed Plaintiff's complaints, including his Third Amended Complaint, the Court agrees that Plaintiff has not alleged any facts that show the individuals above personally participating in, directed, or knew of the alleged violations and failed to act to prevent them, and as such, those individuals are entitled to summary judgment.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff's claims against Robert Guerrero,

Sharon Felton, Al Thompson, Cathy Daniel, Jerry Hatcher, and Steve Keane are dismissed without prejudice.[3]

### B. Plaintiff's Motion for Reconsideration (ECF No. 132)

Rule 59(e) permits a district court to reconsider and amend a previous order. Fed. R. Civ. P. 59(e).  However, such a motion should be used sparingly and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).  No such factors exist in this case and Plaintiff's motion is denied.

### C. Plaintiff's Motion for Leave to Amend the Caption (ECF No. 133)

Plaintiff wishes to add to the case caption, as a named defendant, one of the officers involved in his 2010 arrest.  Plaintiff has never made specific factual allegations as to any civil rights violations that occurred during his initial arrest and, therefore, no valid claim against the officer exists at this time in this action.  As the Court has previously explained in denying Plaintiff's motion to amend his

---

[3]  Plaintiff has not timely amended his complaint to identify by name any John or Jane Doe.  *See* ECF No. 77.  Accordingly, the Court will dismiss unidentified John and Jane Does from this case.

complaint, the scope of this action is now well-defined and Plaintiff must not be permitted to keep expanding the lawsuit as the case proceeds.  Plaintiff's motion is denied.

### D. Plaintiff's Motion to Toll Appeals (ECF No. 134)

Plaintiff appears to move the court to deny any appeals resulting from the litigation of the summary judgment motions.  An order denying summary judgment is generally not an appealable order.  *See Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121, 1124 (9th Cir. 2002).  Plaintiff's motion is denied.

### E. Plaintiff's Motion for Damages (ECF No. 135)

Plaintiff has filed a motion asking for compensatory and punitive damages as well as attorney fees.  The matter of damages and costs will be considered by the Court if and when Plaintiff establishes that the Defendants are liable during the bench trial.  The subject of Plaintiff's motion will be considered at the appropriate time.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (ECF No. 124) is **GRANTED in part and DENIED in part.**

   a. Plaintiff's negligence claim against Benton County is dismissed without prejudice.

b. Plaintiff's claim alleging excessive use of force on November 30, 2010, by Officers Alvarez and Ruiz is dismissed without prejudice.

c. Plaintiff's claims against Robert Guerrero, Sharon Felton, Al Thompson, Cathy Daniel, Jerry Hatcher, Steve Keane and all John and Jane Does are dismissed without prejudice.  The Clerk of Court shall terminate these Defendants from the caption of the case.

d. Defendants' Motion for Summary Judgment on Plaintiff's allegations against Officers Swift, Garcia, Alvarez, and Corporal Harris regarding razor blades is denied.

2. Plaintiff's Motion for Reconsideration of Plaintiff's Motion for Summary Judgment (ECF No. 132) is **DENIED.**

3. Plaintiff's Motion for Leave to Amend the Caption (ECF No. 133) is **DENIED.**

4. Plaintiff's Motion to Toll Appeals (ECF No. 134) is **DENIED.**

5. Plaintiff's Motion for Damages (ECF No. 135) is **DENIED** with leave to renew during trial.

6. In the joint proposed pretrial order due November 14, 2014, the parties shall address where the Bench trial shall take place.  It appears Defendant is currently housed in the Airway Heights Correction Center and the Spokane Federal Courthouse may be the appropriate location for trial.

1    The District Court Executive is hereby directed to enter this Order and

2    provide copies to counsel and Plaintiff at his current address of record.

3        **DATED** September 16, 2014.

4



5                                THOMAS O. RICE

                          United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ETC. ~ 13